UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

VICENTE MENDEZ,

                Plaintiff,

      -against-                         **MEMORANDUM AND ORDER**
                                                20-CV-547 (RPK) (RML)

WOODMATTERS LLC and ROBERT H.
KMIEC,

                Defendants.
-------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Plaintiff Vicente Mendez brought this action against Woodmatters LLC and Robert H. Kmiec under the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and related regulations. *See* Compl. ¶¶ 1, 45-64 (Dkt. #1). After mediation, the parties reached a settlement. *See* Order (Oct. 25, 2020); Mot. for Settlement Approval (Dkt. #12). The parties' motion seeking approval of their settlement was referred to Magistrate Judge Robert M. Levy. *See* Order Referring Mot. (Dec. 11, 2020).

      Judge Levy has recommended that the settlement motion be granted on the condition that—consistent with the retainer agreement between plaintiff and his counsel—attorney's fees for plaintiff's counsel will be $4,666.67. *See* Minute Entry (Jan. 6, 2021). Judge Levy found that the parties' settlement was the product of an arms-length negotiation and satisfied the criteria in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), and *Wolinsky v. Scholastic*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). *See* Minute Entry (Jan. 6, 2021).

      A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When, as here, no party has objected to a magistrate judge's recommendation, the recommendation is reviewed, at most,

1

for "clear error." *See* Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see, e.g.*, *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019). Clear error will only be found only when, upon review of the entire record, the Court is left with "the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006). I have reviewed Judge Levy's recommendation and, having found no clear error, adopt it in full. The motion for settlement approval is granted on the condition that the attorney's fees for plaintiff's counsel will be $4,666.67.

    SO ORDERED.

                                              /s/ Rachel Kovner
                                              RACHEL P. KOVNER
                                              United States District Judge

Dated:        May 24, 2021
              Brooklyn, New York